TO BE PUBLISHED

# Supreme Court of Kentucky

2024-SC-0290-KB

IN RE: RYAN RICHARD STITH

IN SUPREME COURT

## OPINION AND ORDER

Ryan Richard Stith was admitted to the practice of law in the Commonwealth of Kentucky on May 1, 2018. His Kentucky Bar Association (KBA) number is 97935, and his bar roster address is 541 Skyview Lane, Lexington, Kentucky 40511. Stith has been suspended from the practice of law in the Commonwealth since October 29, 2020. He now applies for reinstatement pursuant to Kentucky Supreme Court Rule (SCR) 3.502. The Character and Fitness Committee (Committee) has unanimously recommended reinstatement with conditions. We agree with and adopt the Committee's recommendation.

## I. BACKGROUND

On February 13, 2020, the Inquiry Commission charged Stith with violating the following Supreme Court Rules: SCR 3.130(1.1) for failing to provide competent representation to four of his immigration clients; SCR 3.130(1.3) for failing to perform the work for which he was hired and for failing

to file various documents on or before their court ordered deadlines; SCR 3.130(1.4)(a)(3) for failing to keep his clients informed about the status of their immigration cases; and SCR 3.130(8.1)(b) for failing to respond to the bar complaint against him. Stith failed to respond to the charge and was indefinitely suspended pursuant to SCR 3.380(2) on October 29, 2020. *Ky. Bar. Ass'n v. Stith*, 612 S.W.3d 930 (Ky. 2020).

On August 26, 2021, this Court found Stith guilty of the four violations contained in the charge. *Ky. Bar Ass'n v. Stith*, 627 S.W.3d 929, 932 (Ky. 2021). We suspended him for an additional 61 days and ordered that he enter into and comply with a Kentucky Lawyer Assistance Program (KYLAP) Agreement, repay client fees, complete the Ethics and Professionalism Enhancement Program (EPEP), and pay all costs of the proceeding. *Id.*

On October 20, 2021, the KBA Office of Bar Counsel (OBC) filed an Objection to Automatic Reinstatement in Stith's case. OBC alleged that Stith had failed to comply with the Continuing Legal Education (CLE) requirement per SCR 3.685(1), had failed to pay costs to the KBA, and had failed to enter into a KYLAP Agreement. The KBA provided a letter from the KYLAP Director dated October 21, 2021, that stated Stith had "ceased communications" with KYLAP personnel. Stith has yet to be reinstated to the practice of law in Kentucky.

Despite his initial failure to comply with the terms of his suspension, Stith entered into a three-year KYLAP Agreement on March 14, 2022. After a self-reported return to use of alcohol, Stith entered into an Amendment to his

2

KYLAP Agreement on December 15, 2022, which modified its terms to require Stith to attend and complete a sixteen-week treatment program. Stith attended an Intensive Outpatient Treatment Program (IOP) from December 2022 through February 2023. During his treatment, he was tested for drug and alcohol use at the treatment facility; therefore, KYLAP testing was suspended. According to the record, Stith tested negative the entire time he was in IOP and has continued to test negative since then.

On April 24, 2023, Stith applied for reinstatement to the practice of law pursuant to SCR 3.502 and submitted his required documents. On September 26, 2023, the application file and all supporting documentation, including his disciplinary records, were received at the Kentucky Office of Bar Admissions. Stith's application indicates that he is compliant with CLE requirements pursuant to SCR 3.685(1). Stith's former employer, who filed the initial bar complaint against Stith, provided a sworn affidavit stating that Stith had been a salaried employee and had not received client fees in the matter for which he received discipline and therefore should not be required to repay those fees. Stith's application included a Memorandum from Executive Director John Meyers which stated that there are no pending disciplinary actions against Stith, that Stith is not the subject of any claims against the Clients' Security Fund, and that KBA costs had been paid in full. The application also includes a statement from the KBA Accounting Department stating that if Stith's application for reinstatement is approved, Stith will be required to pay the

current fiscal year membership dues, as well as any costs incurred during the reinstatement process.

On February 20, 2024, the KYLAP Director sent a letter to Chief Bar Counsel and General Counsel for the Committee, stating that Stith remained "100% compliant" with his KYLAP Agreement. The Director noted that Stith had been consistently testing negative for any alcohol or drug use and that there were "no issues" as related to his sobriety. On May 16, 2024, the Director sent a supplemental letter in which she noted Stith's continued sobriety and successful compliance with his KYLAP obligations during the first quarter of 2024.

On April 26, 2024, OBC, represented by Chief Bar Counsel, notified the Committee that, pursuant to SCR 3.502, it did not request a hearing regarding Stith's Application for Reinstatement. The Committee then considered Stith's matter at its April 30, 2024 business meeting. After considering all information, the Committee voted unanimously to recommend reinstatement, with the requirement that Stith be conditionally admitted to the practice of law and be required to comply with the current Amended KYLAP Agreement, with quarterly monitoring reports provided to OBC and the Committee by KYLAP personnel. The Committee further recommended that the period of conditional admission run concurrently with the Amended KYLAP Agreement, which was executed on December 15, 2022, and is scheduled to end on December 15, 2025. The Committee recommended that if Stith fails to comply with the Amended KYLAP Agreement, the Committee or Bar Counsel should be permitted to extend the

period of conditional admission and monitoring or take other appropriate action.

## II. DISCUSSION

SCR 3.502(1) prohibits any former member of the KBA who has been suspended for 181 days or more from resuming the practice of law until he is reinstated by this Court. The Applicant has the burden "to prove by clear and convincing evidence that he/she possesses the requisite character, fitness and moral qualification for re-admission to the practice of law." SCR 3.502(5). After the OBC investigates the application, the matter proceeds to the Committee to conduct a hearing. *Id.* at (6). A formal hearing is not required, however, "if the Applicant, Office of Bar Counsel, and a majority of the Committee all agree . . . that based upon the record, the Applicant has met his/her burden and should be reinstated to practice. In that event, the matter shall proceed directly from the Committee to the Court for its review." *Id.* at (6)(a). "Either party may file a notice of appeal of the Committee's report . . . . If no notice of appeal is timely filed, the entire record shall be forwarded to the Court for entry of a final order pursuant to SCR 3.370(9)." *Id.* at (6)(d).

SCR 3.370(9) allows this Court to "review the decision" of the Committee. If we choose to do so, each party is permitted to file a brief. *Id.* However, if we do not choose to "review" the Committee's recommendation, we "shall enter an order adopting" the Committee's recommendation. *Id.* at (10).

Having reviewed the record before us and the Committee's recommendation, we elect not to review the recommendation and hereby adopt the Committee's recommendation under SCR 3.370(10).

ACCORDINGLY, IT IS HEREBY ORDERED that Ryan Richard Stith's Application for Reinstatement to the KBA pursuant to SCR 3.502 is approved, subject to the following conditions:

1. Stith is conditionally readmitted to the practice of law conditioned on his continued compliance with his current Amended KYLAP Agreement, with quarterly monitoring reports provided to OBC and the Committee by KYLAP personnel.

2. The period of Stith's conditional admission shall run concurrently with his Amended KYLAP Agreement, which was executed on December 15, 2022, and is set to end on December 15, 2025. If Stith fails to comply with the Amended KYLAP Agreement, the period of conditional admission and monitoring could be extended by the Committee and Bar Counsel, or other appropriate action may be taken.

3. Pursuant to SCR 3.503(5), Stith is directed to pay all costs associated with this reinstatement proceeding in the amount of $136.97. These costs should be paid from the deposit against costs. If these costs exceed the deposit paid by Stith, he shall pay any additional costs. If there is any amount remaining after the KBA has recovered its costs, this amount will be refunded to Stith.

4. This Order of Reinstatement is contingent upon payment of any outstanding bar dues, CLE compliance, and payment of the costs in this action.

All sitting.  All concur.

ENTERED:  August 22, 2024.

_____
CHIEF JUSTICE